UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**MICHAEL HENRY DORAN**,

    Plaintiff,

v.  2:24-cv-1157-NPM

**COMMISSIONER OF SOCIAL SECURITY**,

    Defendant.

# SCHEDULING ORDER

This is an action under 42 U.S.C. § 405(g) for review of a decision made by the Social Security Administration about an application for disability benefits. **Customarily, parties consent to a magistrate judge deciding such a matter by final order. If the parties have not already filed a consent form (AO Form 85), they should do so at the earliest opportunity so a magistrate judge may expeditiously resolve the matter.** Otherwise, a magistrate judge will prepare and file a report and recommendation for consideration by a district judge. Sometime later, the district judge will enter a final order.

I.    Timing and Length of the Briefs

Within **30 days** after the administrative record is filed or **30 days** after entry of an order disposing of any last remaining Rule 12 motion, whichever is later, Plaintiff must file an opening brief of twenty-five pages or less. Within **30 days** after service of the opening brief, the Commissioner must file a response of twenty-five pages or less. Within **14 days** after service of the response, Plaintiff may file a reply of ten pages or less. And within **14 days** after service of any reply, the Commissioner may file a sur-reply of five pages or less.

On a per judge basis, this district court reportedly has the heaviest social security caseload in the country. For that reason, modifying the filing deadlines must be avoided, and concise briefing is essential. The parties must avoid redundancy, verbosity, and boilerplate explication. *See Belli v. Hedden Enterprises, Inc.*, No. 8:12-cv-1001-T-23MAP, 2012 WL 3255086 (M.D. Fla. Aug. 7, 2012).

As soon as practicable and within **21 days** after service of Plaintiff's opening brief, the parties must meaningfully confer—in person, or by videoconference or telephone—about whether a voluntary remand or voluntary dismissal may be appropriate; how the question(s) presented and the point(s) offered in support and rebuttal may be narrowed by concession, abandonment, or otherwise; and whether—in lieu of any written briefing—a just, speedy, and inexpensive determination of this action may be secured through oral argument on a discrete issue or two.[1] In sum, the conferral requirement is meant to ensure that the parties appropriately use the court's limited time and resources. The court encourages the parties to confer early and often. At the end of the Commissioner's response brief and under the heading "Conferral Requirement," the Commissioner must certify when and how the parties conferred.

II.     **Content of Plaintiff's Opening and Defendant's Response Briefs**

The parties must discuss, and provide Westlaw citations to, any related proceedings in federal courts.[2] Other than offering a concise statement about any new and recent guidance provided by the Supreme Court of the United States or the Eleventh Circuit Court

---

[1] Requests to adjudicate the matter through oral argument instead of written briefing should be made jointly and state the question(s) presented in a concise and neutral manner.

[2] If Westlaw citations are unavailable, then provide full slip opinion citations.

2

of Appeals, the parties need not discuss the standard of review for challenges to the denial or termination of disability benefits. For any other issues, such as allegedly erroneous good-cause determinations made by the administration, the parties must cite on-point authorities that supply the proper standard of review.

Generally, a factual narrative and medical history should not be provided apart from a discussion about the questions presented. Instead, each point of error and corresponding response must be supported by **pinpoint** citations to the record and applicable authorities. While the court may review the entire record, it may rely on the parties to present all facts relevant to the questions presented. Relevant medical history should be discussed in plain English and any **medical terms or acronyms should be appropriately explained**. When discussing a professional's records or testimony, the parties must clearly identify the professional's title, area of expertise, and role in the care or evaluation of the claimant and differentiate between medical and non-medical doctors.

Unless the fair and impartial administration of justice requires otherwise, conclusory statements or arguments may be disregarded and rejected by the court. Each question presented must be stated in a concise and neutral heading. Sensible subheadings may be used. For instance, if the action presents a question of whether substantial evidence supports an ALJ's assessment of medical opinions from Plaintiff's treating physicians, then subheadings may be used to discuss the opinions of individual physicians. Defendant must respond in kind using the same headings. Purported downstream effects of an alleged point of error do not warrant separate discussion. For example, if Plaintiff assigns error to the persuasiveness given to a

3

medical opinion, then Plaintiff need not reiterate the same point under separate headings to discuss the alleged effects on the residual functional capacity or questions posed to an expert. The opening and response briefs must conclude with a succinct statement about the relief requested.

### III. Content of Any Reply or Sur-Reply Briefs

Plaintiff may not use a reply brief to introduce or expand upon a previously undeveloped contention or raise another question for resolution. Nor may a reply be used to reiterate or restate points previously advanced. The reply is limited to arguments about how the Commissioner's points might fall short factually, legally, or logically. Likewise, a sur-reply—which should rarely be necessary—is limited to arguments that do not reiterate or restate the response brief.

**ORDERED** on December 23, 2024.

_____
NICHOLAS P. MIZELL
United States Magistrate Judge